UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH DIMINO,

                                                11 Civ. 4189 (HB)

                       Plaintiff,

                                                **OPINION AND ORDER**

       -against-

HSBC BANK, USA N.A.,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Plaintiff Joseph Dimino ("Dimino") moves for reconsideration of this Court's Opinion and Order, dated April 11, 2012, familiarity with which is assumed. That Order granted in part and denied in part a motion for summary judgment brought by Defendant HSBC Bank, USA N.A. ("HSBC"). The motion for summary judgment was granted as to Dimino's retaliation claim and claim for breach of an implied-in-law contract and the motion was denied as to Dimino's claims for gender discrimination. Dimino's motion seeks reconsideration of the branch of the Order that dismissed the retaliation claim. For the reasons set forth below, Dimino's motion for reconsideration is DENIED and oral argument is unnecessary.

## LEGAL STANDARD

      A motion for reconsideration under Local Rule 6.3 is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). The Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003). The purpose of this restrictive application is, among other things, "to ensure the finality of decisions." *Wiltshire v. Williams*, No. 10 Civ. 6947, 2012 WL 899383, at *2 (S.D.N.Y. Mar. 16, 2012) (internal quotation marks and citation omitted). The decision of whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983); *Citigroup Global*

*Markets Inc. v. VCG Special Opportunities Master Fund Ltd.*, No. 08 Civ. 5520, 2009 WL 1528513, at *1 (S.D.N.Y. June 1, 2009).  A court may grant a motion for reconsideration "to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks and citation omitted).

### DISCUSSION

Dimino asserts that the Court "overlooked important points in reaching its decision." Pl.'s Mem. 2.[1]  Specifically, Dimino again points to the email from Peter Hutter ("Hutter") of HSBC's Human Resources Department.  As I discussed extensively in my earlier opinion, that email does not provide evidence that HSBC's proffered reasons for terminating Dimino—his failure to sign his performance objectives and his disruptive behavior, including but not limited to "negative comments regarding the company and [Dimino's] ongoing legal action in [his] branch"—were pretextual and were expressed simply to hide the Defendant's real reason, *i.e.*, retaliation. HSBC 56.1 Ex. T, 1/18/2010 Hutter Email to Dimino.  To the contrary, the email explicitly gave Dimino until January 22, 2012 to sign off on his objectives and indicated that his "failure to do so may result in an escalation of this issue including but not limited to a written warning or even the termination of your employment." *Id.*  Dimino was terminated on January 25, 2012.  I have already considered the import of this email and nothing Dimino includes about this email in his motion for reconsideration is novel.

Dimino also focuses, once again, on the fact that there was—according to him—no contemporaneously recorded evidence of his disruptive behavior.  Again, I have already considered this argument and Defendant raises no new issues in his papers. *See* Dimino v. HSBC Bank, USA N.A., 11 Civ. 4189, 2012 WL 1202035, at *6 (S.D.N.Y. April 11, 2012) ("Dimino responds that the alleged legitimate reasons for termination are pretextual because HSBC fails to offer contemporaneously recorded evidence that Dimino's discussions of his lawsuit disrupted the workplace.  The argument that HSBC did not advise Dimino that his conduct was disruptive and did not do it right away, and that this proves pretext, borders on the absurd and does not square with a pretextual justification.").

Dimino fails to point to "glaring evidence," that he was terminated, in part, "because he talked about his lawsuit." Pl.'s Mem. 8.  The evidence cited by Dimino in his brief affirms that it

---

[1] "Pl.'s Mem." actually refers to plaintiff's amended memorandum, filed on April 26, 2012.

2

was his disruptive behavior, rather than the lawsuit or merely discussing the lawsuit, which played a part in his termination. *See, e.g.*, HSBC 56.1 Ex. T, 1/18/2010 Hutter Email to Dimino (requesting that Dimino discontinue his "negative comments regarding the company and [his] on-going legal action"); Wotorson Aff. Ex. 46, at 14-15 ("Q: Is there anything disruptive about informing a supervisor that you have taken legal action? A: No."); *id.* (indicating that the "primary" reason for Dimino's termination was the failure to sign his performance objectives, but that a secondary reason was his "disruptive behavior"); *id.* at 34-36 (stating that he received feedback that Dimino was "very negative about the company, very critical"); *id.* at 39-40 ("He is allowed to talk about his lawsuit but when he makes his co-workers uncomfortable we have to address it."). Defendant proffered a legitimate, non-retaliatory reason for Dimino's termination, his insubordinate and disruptive behavior, including his refusal to sign off on his performance goals and his negative comments about the company and his supervisors, and Dimino "failed to raise a genuine issue of material fact as to whether that reason was a pretext for retaliation." *Liburd v. Bronx Lebanon Hosp. Ctr.*, 372 Fed. Appx. 137, 139 (2d Cir. 2010) (affirming grant of summary judgment and denial of reconsideration regarding a retaliation claim); *see also Matima v. Celli*, 228 F. 3d 68, 79 (2d Cir. 2000) ("An employer does not violate Title VII when it takes adverse employment action against an employee to preserve a workplace environment that is governed by rules, subject to a chain of command, free of commotion, and conducive to the work of the enterprise.").

## CONCLUSION

The Court has considered the parties' remaining arguments and finds them to be without merit. Dimino's motion to reconsider is DENIED. The Clerk of the Court is instructed to close the motion and remove it from my docket.

**SO ORDERED.**

June 15, 2012
New York, New York

HAROLD BAER, JR.
**United States District Judge**

3